VIDAL RIVERA, Plaintiff and Appellant, *v.* PEDRO COLÓN, Defendant and Appellee.

No. 8097.    Argued February 18, 1941.—Decided February 28, 1941.

*Luis Ríos Algarín* and *Víctor M. Marchán,* for appellant.    *F. Prieto Azúar,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

This appeal is based exclusively on the ground that the lower court erred in holding that "the evidence is contradictory and that the preponderance of the same is in favor of the defendant."

The evidence is in truth contradictory. The case has to do with an action for damages brought because of the destruction of plaintiff's bus, license P-495, when it collided with defendant's truck, license HP-218, on a bridge in the road from Cidra to Comerío.

According to plaintiff's evidence, his bus, driven by the chauffeur Arturo Figueroa, was going from Comerío to Cidra, reaching the site of the accident between 2 and 3 in the afternoon. When the bus had already entered the bridge, defendant's truck was coming in an opposite direction at a great speed, along the very center of the bridge, and plaintiff's chauffeur stopped the bus well towards the right, but when the truck came near it, it struck the bus on its left side, throwing it over the side of the bridge and as the result the vehicle was destroyed when it fell upon some rocks. According to the witnesses of the plaintiff, the pavement was dry and the bus had crossed more than half of the bridge— which all agree is about 40 meters long—when it was struck by the truck.

Defendant's version of the accident is that the truck had reached the bridge before the bus and that when it was about to leave the bridge, the bus entered it at a great speed; that the driver of the truck slowed down and drew so much towards his right that the right hand door of the truck could not be opened because the rail of the bridge came into contact with it; that the pavement was wet and when the bus came close to the truck, its left rear fender collided with the truck's fender, and then the bus skidded, falling over the side of the bridge; that before the bus entered the bridge, it could not have been seen by the driver of the truck because at that place coming from Comerío towards Cidra, there is a curve and at the sides of the curve there are some trees so leafy that a vehicle coming in that direction can only be seen when it enters the bridge.

The trial judge, who saw and heard the witnesses testify, settled the conflict in the evidence in favor of the defendant, and a photograph of the bridge offered in evidence influenced greatly his decision. The photograph showed the bridge as it was shortly after the accident, revealing the place where the bus skidded, and from it it appears that the collision hap-

pened exactly as the evidence for the defendant maintains, that is, when the truck had travelled 30 meters within the bridge, this being proof of the fact that when the bus entered the bridge, the truck was about to leave it.

As the evidence is contradictory and as it has not been shown that the trial court committed manifest error or that it was moved by bias, prejudice or partiality in its weighing of the evidence, the judgment appealed from must be affirmed.

Mr. Justice Todd, Jr., took no part in the decision of this case.